PER CURIAM:
Claimants are the owners of residential property located on Route 73, known as Ridge Road, in Monongalia County, West Virginia. The land slopes downhill from the road to the claimants’ property. In 1979 and 1980, surface water flowed down into their garden and destroyed it. Claimants seek recovery in the amount of $2,495.21 for the damages caused by the flooding.
At the hearing, Mr. Holmes testified that the water which flooded his land came from two of his neighbors’ driveways:
“Q. It it your testimony that it’s flowing down the driveways and then down into the lower area where your property is?
A. Uh-huh; comes right out their driveway, right down through their yard and right on down through into the other driveway and then right down on me.
Q. Now, your property where your garden is located, is it an area that is at a lower elevation than the roadway; is that correct?
*357 A. Well, yes, it’s sloped, it’s graded.”
Mr. Holmes further testified that for the previous two years he had dug a small ditch across his neighbors’ driveways along the respondent’s right-of-way in an attempt to correct the situation. Claimants had been living at that location for twelve years.
Claimant Mrs. Holmes stated that a round, four-inch culvert existed in the area, but that it had been installed by a neighbor, and not by the Department of Highways.
Testifying on behalf of the respondent was Edward E. Goodwin, claims investigator, who explained the procedure for the installation of driveway culverts. According to Mr. Goodwin, a property owner must get a permit from the district office to connect to the State road. Then, at least a 15-inch culvert must be purchased by the property owner. The Department of Highways will then come by with a grader to dig a ditch for the culvert, drop it in, and cover it.
No evidence was presented in this case to the effect that the respondent had notice of a drainage problem along Route 73 in the area of claimants’ property. Edgar Malone, an employee of the respondent, testified that the road was ditched in 1981, but it was unclear just how far the ditching was performed.
From the record in this case, the Court cannot conclude that any action, or lack thereof, on the part of the respondent was the sole cause of the flooding of claimants’ property. Water simply followed its natural course downhill to the lower-lying area of claimant’s garden. To hold that a diversion of the water from a clogged ditch line was the sole, direct cause of the damage to the garden, is not warranted from the evidence.
Accordingly, the Court is of the opinion that the claimants have not shown by a preponderance-of the evidence that their damages were the result of negligence on the part of the Department of Highways, and hereby disallows the claim.
Claim disallowed.